**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SCOTT BURHYTE,  :
 : Civil Action No. 09-1648 (NLH)
            Plaintiff,  :
 :
        v.  : **OPINION**
 :
FEDERAL BUREAU OF PRISONS,  :
et al.,  :
 :
            Defendants.  :

**APPEARANCES**:

Plaintiff pro se
Scott Burhyte
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN**, District Judge

Plaintiff Scott Burhyte, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, seeks to bring this action in forma pauperis pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Amended Complaint.

At this time, the Court must review the Amended Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

Plaintiff was originally a co-plaintiff in a civil action asserting claims on behalf of four co-plaintiffs. Plaintiff's claims were severed from that action, and this action was opened for determination of his individual claims. Plaintiff was granted leave to file an amended complaint asserting his individual claims. See Eickleberry v. Lappin, Civil Action No. 09-1556 (D.N.J.). In response, Plaintiff filed a photocopy of the original Complaint in Eickleberry v. Lappin, Civil Action No. 09-1556, with the only alteration being the deletion of the other co-plaintiffs' names and the omission of supporting affidavits by the other co-plaintiffs.

The following factual allegations are taken from Plaintiff's Amended Complaint and are accepted as true for purposes of this review.

Plaintiff asserts that the housing at the Federal Correctional Institution at Fort Dix is filthy. He alleges that overcrowding prevents inmates from participating in work assignments and renders the housing areas crowded. He further

alleges that overcrowding causes both inmates and staff to be "on edge," which makes for an allegedly dangerous situation. He alleges that the mattresses are not sanitized between users. He asserts inadequate ventilation in the cells, where temperatures allegedly exceed 100 degrees Fahrenheit in the summer and the lack of screens permits birds and insects to enter the building. Plaintiff alleges inadequate cell lighting, which he alleges contributes to eye strain. Plaintiff alleges inadequate plumbing, including standing septic water. Plaintiff alleges an inadequate number of showers (17 showers for 368 inmates). Plaintiff alleges the growth of bacteria and fungus in the showers. Plaintiff alleges that the showers are unsupervised, rendering them "a real danger." Plaintiff alleges that overcrowding facilitates the spread of disease, including sexually-transmitted diseases. Plaintiff alleges that inadequate screening causes inmates with assaultive, aggressive sexual behavior, and psychiatric problems to be inappropriately housed in twelve-man cells. Plaintiff alleges that overcrowding renders the dining area dirty. Plaintiff alleges that the laundry services are inadequate. Plaintiff alleges that inmates have inadequate access to the law library. Plaintiff alleges that the outdoor recreational space is inadequate and that the gym and weight areas are poorly guarded, rendering them dangerous.

Plaintiff alleges that the roof leaks and that the prison is infested with vermin.

Plaintiff names as defendants Federal Bureau of Prisons Director H. Lappin, Warden J. Grondolsky, Assistant Warden N. Nichols, Assistant Warden Sutherland, Unit Manager M. Carroll, Unit Manager J. Know, Unit Manager H.E. McKinnon, Safety Manager Giamio, Facilities Manager Books, and Education Department Head Douglas E. Watford.

Plaintiff contends that the action of the named Defendants "has caused the violation of the Plaintiffs' rights under the Eighth Amendment."  Plaintiff asks for compensatory and punitive damages as well as all other just and proper relief.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

Moreover, no action may be brought by a prisoner with respect to prison conditions unless the prisoner has exhausted

available administrative remedies.  42 U.S.C. § 1997e(a).

Specifically, 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[T]he ... exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002) (citation omitted).  Although failure to exhaust is an affirmative defense which must be pled by the defendant, a district court has inherent power to dismiss a complaint which facially violates this bar to suit.  See Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   Bivens v. Six Unknown Agents

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages. The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and under the equal protection component of the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228 (1979).

Relying upon Bivens, several lower federal courts have implied a damages cause of action against federal officers, under the Due Process Clause of the Fifth Amendment, for claims by federal pre-trial detainees alleging inadequate medical care or unconstitutional conditions of confinement.  See, e.g., Lyons v. U.S. Marshals, 840 F.2d 202 (3d Cir. 1988); Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007), vacated and remanded on other grounds sub nom. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); Magluta v. Samples, 375 F.3d 1269 (11th Cir. 2004); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), cert. denied, 446 U.S. 928 (1980).  We note also, however, that Bivens does not stand for the proposition that lower courts should imply a damages remedy for every constitutional violation by a federal official.  See Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000)("the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation[]")(citing Schweiker v. Chilicky, 487 U.S. 412 (1988)).

The Supreme Court has not addressed whether supervisors in Bivens actions may be held liable on a theory of respondeat superior.  Most courts to address the issue, however, have held that liability may not be based on respondeat superior.  See, e.g., Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000)(collecting cases); Laswell v. Brown, 683 F.2d 261, 268 &

n.11 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983) (basing its conclusion on the fact that the Supreme Court has looked to § 1983 cases in evaluating the nature of defendant officials' qualified immunity); Kite v. Kelly, 546 F.2d 334, 337-38 (10th Cir. 1976).  See also Parker v. U.S., 197 Fed.Appx. 171, 173 n.1 (3d Cir. 2006) (not precedential); Balter v. U.S., 172 Fed.Appx. 401, 403 (3d Cir. 2006) (not precedential).  This Court finds persuasive the reasoning of those courts that have declined to impose respondeat superior liability in Bivens actions.

## IV.   ANALYSIS

Any complaint filed in a federal court must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a

8

> legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).

The Supreme Court has demonstrated the application of these general standards to a Sherman Act conspiracy claim.

> In applying these general standards to a § 1 [conspiracy] claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." ... It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.
>
> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory. ...

Twombly, 127 S.Ct. at 1965-66 (citations and footnotes omitted).

The Court of Appeals for the Third Circuit has held, in the context of a § 1983 civil rights action, that the Twombly pleading standard applies outside the § 1 antitrust context in which it was decided. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context").

> Context matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Indeed, taking Twombly and the Court's contemporaneous opinion in Erickson v. Pardus, 127 S.Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.  Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief.  We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

> Therefore, after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 2009 WL 2501662, 5 (3d Cir. August 18, 2009) (citations omitted).

> Rule 10(b) of the Federal Rules of Civil Procedure provides:
>
> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances. ... If doing so would promote clarity, each claim founded on a separate

>   transaction or occurrence ... must be stated in a
>   separate count or defense.

Rule 18(a) controls the joinder of claims. In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

>   Persons ... may be joined in one action as defendants
>   if:
>        (A) any right to relief is asserted against them
>   jointly, severally, or in the alternative with respect
>   to or arising out of the same transaction, occurrence,
>   or series of transactions or occurrences; <u>and</u>
>        (B) any question of law or fact common to all
>   defendants will arise in the action.

(emphasis added). <u>See</u>, <u>e.g.</u>, <u>Pruden v. SCI Camp Hill</u>, 252 Fed.Appx. 436 (3d Cir. 2007); <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007).

In actions involving multiple claims and multiple defendants, Rule 20 operates independently of Rule 18.

>        Despite the broad language of rule 18(a),
>   plaintiff may join multiple defendants in a single
>   action only if plaintiff asserts at least one claim to
>   relief against each of them that arises out of the same
>   transaction or occurrence and presents questions of law
>   or fact common to all. If the requirements for joinder
>   of parties have been satisfied, however, Rule 18 may be
>   invoked independently to permit plaintiff to join as
>   many other claims as plaintiff has against the multiple
>   defendants or any combination of them, even though the
>   additional claims do not involve common questions of
>   law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, <u>Federal Practice and Procedure</u>, § 1655 (3d ed. 2009).

Here, although Plaintiff has provided a lengthy list of alleged constitutional violations, he has failed to allege any facts linking any of the named defendants to those alleged violations of his constitutional rights.  To the contrary, the Amended Complaint begins with a list of the defendants by name and title, and nowhere else mentions them at all.  Thus, Plaintiff has failed to state a claim against any of the named defendants with respect to any of the alleged constitutional violations.

Nor has Plaintiff alleged any facts permitting this Court to determine that joinder of the Defendants and claims would be proper under Rules 18 and 20.  That is to say, he has not alleged any facts linking <u>all</u> of the defendants to any <u>one</u> alleged constitutional violation.

### V. <u>CONCLUSION</u>

For the reasons set forth above, the Amended Complaint will be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and 42 U.S.C. § 1997e(c), for failure to state a claim.[1]  However, because it is

---

[1] The Court notes that "'[generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ...  The dispositive inquiry is whether the district court's order finally

13

conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to file a motion to reopen and second amended complaint.[2]  No further opportunities to amend will be granted and a deficient second amended complaint will be dismissed with prejudice.  An appropriate order follows.

At Camden, New Jersey                  /s/ NOEL L. HILLMAN
                                       Noel L. Hillman
                                       United States District Judge

Dated: December 2, 2009

---

resolved the case."  Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted).  In this case, if Plaintiff can correct the deficiencies of his Amended Complaint, he may file a motion to re-open these claims in accordance with the court rules.

[2] Plaintiff should note that when an amended complaint is filed, the prior pleadings no longer perform any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the prior pleadings, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.